IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 96 MR WCM

| | |
|---|---|
| BENITA TAYLOR GREENE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, ) <br> Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 14, 17), which have been referred to the undersigned pursuant to 28 U.S.C. § 636.

I. Procedural History

On July 30, 2015, Plaintiff Benita Taylor Greene ("Plaintiff") filed an application for supplemental security income benefits. Transcript of Administrative Record ("AR") at 294-304. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on February 26, 2018. AR at 125-138 (the "First Decision"). The Appeals Council granted Plaintiff's request for review and remanded Plaintiff's case for the ALJ to consider additional medical evidence that was received after the hearing. AR at 143-146.

1

On October 28, 2019, following a second administrative hearing at which Plaintiff appeared and testified, the ALJ issued an unfavorable decision. AR at 16-36 (the "Second Decision"). The Second Decision is the Commissioner's final decision for purposes of this action.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to apply a five-step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant throughout the first four steps of this five-step process to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant is capable of performing other work, considering the claimant's RFC, age, education, and past work experience. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "status post L5-S1 lumbar back fusion; degenerative disc disease of the lumbar spine with radiculopathy; and obesity." AR at 21. The ALJ further found that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasional pushing and pulling and use of foot controls with the left lower extremity and frequent pushing and pulling and use of foot controls with the right lower extremity; occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds; occasional stooping, kneeling, and crouching, but no crawling; and should avoid concentrated exposure to dust, odors, fumes, or pulmonary irritants as well as extremely cold or humid working environments; and would be off task no more than 10% of the work day in addition to normal breaks.

AR at 23.

Applying this RFC, the ALJ found that Plaintiff could perform representative

jobs that existed in significant numbers in the national economy and therefore that Plaintiff had not been under a disability from January 1, 2012, through the date of his decision. AR at 30.

IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applied the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

4

## V. Analysis

### A. Plaintiff's Assignments of Error

Plaintiff argues that the ALJ erred in determining her RFC. Specifically, she argues that the ALJ failed to explain the limitation that she would be off task no more than 10% of the workday. Doc. 15 at 7-8. In addition, Plaintiff argues that the ALJ's findings regarding Plaintiff's lower extremity limitations were erroneous and that the ALJ made changes in the RFC assessment between the First Decision and Second Decision without explanation. Doc. 15 at 8-9.

### B. RFC

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. The Commissioner is responsible for determining the claimant's RFC based on all the relevant evidence. Johnson, 434 F.3d at 653.

In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is required, however, to build "an accurate and logical bridge from the

5

evidence to his conclusion" that a plaintiff's RFC sufficiently accounts for her limitations. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence."); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at *6 (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion").

Here, the ALJ agreed that Plaintiff would require limitations to accommodate her pain and symptoms and stated that "due to her alleged ongoing pain that reportedly affects her concentration, I find she would likely be off task no more than 10% of the time during the normal working day." AR at 28; see also id. ("due to any ongoing pain and her testimony that it affects her concentration, I find she will likely be off task 10% of the time").

Plaintiff objects to the ALJ's finding that she would be off task 10% of the time, arguing that the ALJ "provided no basis for that limitation and no explanation for how he arrived at that conclusion, i.e., he made it up out of

6

whole cloth." Doc. 15 at 9.[1]

The Fourth Circuit has explained that "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019), as amended (Feb. 22, 2019). For a court to be able to conduct a substantial evidence review, the record should include "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). If the reviewing court has no way to evaluate the basis of the ALJ's decision, the proper course is remand. Id.

Here, the ALJ stated that Plaintiff would be off task because pain would affect her concentration. While the ALJ explained why Plaintiff would be off

---

[1] Plaintiff also argues that the ALJ failed to explain her need to lie down to relieve her symptoms. Doc. 15 at 7. Although Plaintiff testified during her first administrative hearing that she would lay down three to four hours a day, AR at 1130, it does not appear that Plaintiff testified that she needed to lie down to relieve her symptoms during the second hearing. Additionally, she was not able to provide any details regarding a need to rest with her feet up in a reclined position during the second hearing. See AR at 58. In any event, Plaintiff's purported need to lie down is tied to Plaintiff's contention that she would be off task for greater than 10% of the workday. See Doc. 15 at 8 (arguing that the ALJ "failed to provide any basis for his assessment that Greene would be off task only 10 percent of the workday, particularly given her need to recline or lie down to relieve her back pain"). The undersigned recommends remand here based on the ALJ's failure to explain the basis for the 10% off task limitation, and does not make any determination regarding Plaintiff's need to lie down or recline to relieve her alleged symptoms.

7

task, he did not explain how he determined the specific percentage of time Plaintiff would be off task. See Kennedy v. Berryhill, No. 3:18-cv-00405-RJC, 2019 WL 3664936, at *4 (W.D.N.C. Aug. 6, 2019) (remanding where ALJ found that claimant would be off task 9% of an eight-hour work day due to "problems with stress," but did not "identify or explain his reasoning as to why Plaintiff's stress translates into her being off task nine percent of the time"); Richardson v. Saul, No. 4:19-CV-00128-FL, 2020 WL 3816317, at *6 (E.D.N.C. June 9, 2020), report and recommendation adopted, 2020 WL 3799344 (E.D.N.C. July 7, 2020) ("ALJ Anderson found that Richardson would be off-task due to pain and medication side effects. While this explains why she would be off-task, it does nothing to inform a reviewing court of how ALJ Anderson arrived at the figure–nine percent of the workday–or what evidence in the record supports this calculation"); Marshall v. Saul, No. 5:20-CV-55-LF, 2020 WL 7390486, at *5 (E.D.N.C. Nov. 19, 2020) ("Several courts within the Fourth Circuit, including this one, have found that the ALJ's failure to explain the determination that a claimant would be off task for a certain percentage of time left the court unable to conduct a meaningful review of whether the determination was supported by substantial evidence")(collecting cases); McNeely v. Saul, No.: 2:20-cv-00158, 2020 WL 5648214 at *9 (S.D. W. Va. Sept. 4, 2020)(collecting cases); Keith L. v. Saul, No. CV DLB-20-930, 2021 WL 1723084, at *2 (D. Md. Apr. 30, 2021) ("The ALJ does not explain why plaintiff's

8

pain would cause him to be off task five percent of the workday, as opposed to ten, fifteen or twenty percent of the workday. Without a narrative explanation of how the evidence supports the ALJ's seemingly arbitrary conclusion that plaintiff would be off-task five percent of the workday, the Court cannot engage in meaningful substantial evidence review"); Cf. Painter v. Berryhill, No. 2:17-CV-04435, 2018 WL 5904510, at *11-12 (S.D.W. Va. Oct. 19, 2018), report and recommendation adopted, 2018 WL 5891750 (S.D.W. Va. Nov. 9, 2018) (finding that a five percent off task limitation was supported by substantial evidence when it was based on Claimant's specific testimony regarding the frequency and length of her restroom breaks and other evidence that collectively tied into the five percent figure). For this reason, the undersigned will recommend that the case be remanded.[2]

### C. Lower Extremity Limitations

Plaintiff also argues that the ALJ erred by assigning an RFC in the

---

[2] The Commissioner argues that Plaintiff has not proved that she is "more limited than the ALJ found." Doc. 18 at 9. The Commissioner is correct that a social security claimant has the burden to prove the extent of his or her functional limitations. See Hendrickson v. Berryhill, No. 1:16-cv-00367-MOC-DLH, 2018 WL 1431751, at *7 (W.D.N.C. March 22, 2018) (citing Radford, 734 F.3d at 291). However, the ALJ is also required to build an accurate and logical bridge between the evidence and his conclusions. Here, because the ALJ included a specific off task limitation, the ALJ was required to explain the basis for that finding. See Kennedy, 2019 WL 3664936, at *4, n. 4 (considering the Commissioner's argument that the ALJ's assignment of a nine percent off task limitation was "an act of generosity" and explaining that "[r]egardless of the motive underlying the adoption of this limitation, the ALJ's lack of explanation precludes this Court's ability to conduct a meaningful review").

Second Decision that substantially differed from the RFC set out in the First Decision. Doc. 15 at 10-11. Further, Plaintiff argues that the RFC set out in the Second Decision was not supported by substantial evidence.

### 1. The First Decision

In <u>Monroe v. Colvin</u>, 826 F.3d 176, 187 (4th Cir. 2016), the Fourth Circuit explained that when the Appeals Council vacates an ALJ's decision, that decision is not final, and thus the principles of res judicata do not apply. Here, the Appeals Council vacated the First Decision and remanded to the ALJ for further consideration. AR at 145-146. Accordingly, the ALJ was not bound by the RFC as set out in the First Decision. See <u>Norman v. Berryhill</u>, No. 1:16CV997, 2017 WL 3396517, at *5 (M.D.N.C. Aug. 8, 2017) (ALJ was not required to adopt right upper extremity limitations found in previous RFC following the Appeals Council vacating and remanding the previous decision); <u>Sanford v. Colvin</u>, No. 1:14CV885, 2016 WL 951539, at *3 (M.D.N.C. March 9, 2016) ("[T]he ALJ's prior decision had no preclusive effect on the decision at issue here, as the 2011 decision was vacated and a new hearing was conducted").

### 2. The Second Decision

Plaintiff argues that she has pain in both legs, with worse pain in her left leg and that the ALJ erred in concluding that Plaintiff's complaints of leg pain were inconsistent. Doc. 15 at 11.

10

In the Second Decision, the ALJ found that Plaintiff could perform light work, except that she was "limited to occasional pushing and pulling and use of foot controls with the left lower extremity and frequent pushing and pulling and use of foot controls with the right lower extremity." AR at p. 23.

Substantial evidence supports the ALJ's finding. In considering Plaintiff's complaints of leg pain, the ALJ noted that Plaintiff "at times" reported only right leg pain, "on other occasions" reported only left leg pain, and reported bilateral leg pain on "only two occasions." AR at 25 (citing, *inter alia*, AR at 449 and 481). Additionally, the ALJ explained that in May 2015, Plaintiff could push and lift legs bilaterally against resistance without pain, AR at 26 (citing AR at 591), and that subsequent clinical findings reflected normal gait and strength in her lower extremities, with pain management records indicating she had "largely been stable." AR at 26. With respect to greater limitations as to her left leg, the ALJ also noted that "claimant reported ongoing pain in both legs, but mostly in the left." AR at 25; see also AR at 50 (Plaintiff's testimony that "the left is always hurting more than the right").

The undersigned will not recommend remand on this basis.

## VI. Recommendation

Considering the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 14) be **GRANTED**, and that the Commissioner's Motion for Summary Judgment (Doc. 17) be **DENIED.**

Signed: June 17, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).